UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS C. SHRADER,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>M. ARVIZA,<br><br>　　　　　Respondent. | Case No. 1:22-cv-01413-HBK (PC)<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR LACK OF STANDING AND FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>SEPTEMBER 6, 2023 DEADLINE |

Thomas Shrader ("Shrader" or "Petitioner") is a federal inmate proceeding pro se and *in forma pauperis* in this action filed under 28 U.S.C. § 1361. (Doc. Nos. 1, 8). Schrader initiated this action by filing a writ of mandamus requesting the Court to order the Warden at Federal Corrections Institution Mendota, M. Ariviza, to rescind the restrictions imposed by her August 31, 2022 Memo which limits commissary purchases to $50.00 a month, two five-minute phone calls pers day, and five emails for all inmates within a housing unit that experiences a drug related incident. (*See generally* Doc. No. 1, "Petition"). Schrader also acknowledges on the face of his Petition that he did not exhaust his administrative remedies. (*Id*. at 1).

**JURISDICTION**

"Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Spokeo Inc. v. Robins*, 578 U.S. 330, 338 (2016). To establish Article III standing, three elements must be satisfied: a "plaintiff must have (1) suffered an injury in fact, (2) that is

fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)).  The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements. *Id.* (citing *FW/PBS, Inc. v. Dallas,* 493 U.S. 215, 231, (1990)).  Where, as here, a case is at the pleading stage, the plaintiff must "clearly ... allege facts demonstrating" each element. *Id.* (citing *Warth v. Seldin,* 422 U.S. 490, 518 (1975)).

        Petitioner appears to lack standing because he cannot show an injury from the challenged restrictions that limit commissary purchases, phone calls, and emails.  Prisoners have no right to unlimited commissary purchases. *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (holding that there is no constitutional right to canteen products); *Jones v. Shinn*, 2014 WL 366769, at *4-5 (D. Haw. Jul. 21, 2014) ("limiting an inmate's purchases from the prison commissary, without more, does not deny an inmate the minimal necessities of life or violate the Eighth Amendment.").  Nor do prisoners have a right to unlimited telephone access. *Valdez v. Rosenbaum*, 302 F.3d 1039 (9th Cir. 2002).  Instead, a prisoner's right to telephone access is "subject to reasonable limitations arising from the legitimate penological and administrative interests of the prison system." *Johnson v. California*, 207 F.3d 650, 656 (9th Cir. 2000).  And prisoners do not have a right to unlimited email or other electronic communications.  Rather prison officials may limit a prisoner's access to email so long as there are other forms of speech available. *Glick v. Montana Dept. of Corr.*, 2009 WL 2959730, at *2 (D. Mont. May 7, 2009); *see also Lumbumba v. Blevins*, 2022 WL 463105, at *3-4 (W.D. Va. Feb. 15, 2022) ("Courts have held… that inmates *do not* have an identical constitutional right to receive or send electronic messages, better known as emails[,]" and "[w]hen a prison system permits inmates to utilize multiple means of outside communications, prison authorities may lawfully impose reasonable time, place, and manner restrictions on the use of one or more of those communications without infringing on inmates' First Amendment rights to free speech.") (citing *Dunlea v. Fed. Bureau of Prisons*, 2010 WL 1727838, at *2 (D. Conn. Apr. 26, 2010) *abrogated on other grounds by Analytical Diagnostic Labs, Inc. v. Kusel*, 626 F.3d 135 (2d Cir. 2010); *Pell v. Procunier*, 417 (U.S. 817-28 (1974) (emphasis in original) (other citation omitted)).  Thus, Petitioner must show

2

1  cause in writing why this action should not be dismissed due to his lack of standing to challenge
2  the restrictions imposed by the Warden's August 31, 2022 Memo.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

Under the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is a condition precedent to filing a civil rights claim. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006); *see also McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statute makes exhaustion a precondition to suit." (citations omitted)). The exhaustion requirement "applies to all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further, the nature of the relief sought by the prisoner, or the relief offered by the prison's administrative process is of no consequence. *Booth v. Churner*, 532 U.S. 731, 741 (2001). And, because the PLRA's text and intent requires "proper" exhaustion, a prisoner does not satisfy the PLRA's administrative grievance process if he files an untimely or procedurally defective grievance or appeal. *Woodford*, 548 U.S. at 93. A prisoner need not plead or prove exhaustion. Instead, it is an affirmative defense that must be proved by defendant. *Jones v. Bock*, 549 U.S. 199, 211 (2007). A prison's internal grievance process, not the PLRA, determines whether the grievance satisfies the PLRA exhaustion requirement. *Id.* at 218. However, courts may dismiss a claim if failure to exhaust is clear on the face of the complaint. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

"In order to be entitled to mandamus relief…a plaintiff must exhaust his administrative remedies, thereby demonstrating he has no adequate remedy at law, and also show that the defendant had a plainly defined and preemptory duty to perform the act in question." *Kosterow v. McGrew*, 2012 WL 6923676, at *3 (C.D. Cal. Nov. 26, 2012) (citations omitted). Based on the face of the Petition, Petitioner did not exhaust his administrative remedies <u>prior to</u> filing this case. Petitioner additionally shall show cause in writing why this action should not be dismissed for a failure to exhaust his administrative remedies.

3

Accordingly, it is **ORDERED**:

1. No later than **September 6, 2023**, Petitioner shall deliver to correctional officials to mailing his response to this Order and show cause why this action should not be dismissed for lack of standing and/or for failing to exhaust his administrative remedies before filing suit.

2. In the alternative, to avoid a strike under the Prison Litigation Reform Act ("PLRA"),[1] Petitioner may file a notice of voluntarily dismissal under Fed. R. Civ. P. 41(a)(1).

3. Petitioner's failure to timely respond to this order will result in the recommendation that the district court dismiss this action due to Petitioner's lack of standing and failure to exhaust his administrative remedies prior to initiating this action, which shall constitute a strike under the PLRA.

Dated:   August 22, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[1] Under § 1915(g), "the three-strikes bar," prisoners who have had on three or more prior occasions a case dismissed as frivolous, malicious, or for failure to state a claim may be barred from proceeding in forma pauperis in future civil actions and required to prepay the filing fee in full. *Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020); *see also Andrews v. Cervantes*, 493 F.2d 1047, 1052 (9th Cir. 2007). Regardless of whether the dismissal was with or without prejudice, a dismissal for failure to state a claim qualifies as a strike under § 1915(g). *Lomax,* 140 S. Ct. at 1727.

4