UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS C. SHRADER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. ARVIZA,<br><br>　　　　　Defendant. | Case No. 1:22-cv-01413-HBK (PC)<br><br>ORDER TO ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES[1]<br><br>FOURTEEN (14) DAY DEADLINE |

Plaintiff Thomas C. Shrader, a federal prisoner, is proceeding pro se and *in forma pauperis* in this mandamus action. For the reasons set forth below, the undersigned recommends the District Court dismiss this action because due to Plaintiff failure to exhaust his administrative remedies.

**BACKGROUND**

Plaintiff initiated this action by filing a petition for writ of mandamus pursuant to 28 U.S.C. § 1361. (Doc. No. 1, "Petition"). According to the Petition, Defendant Arviza, the Warden of Federal Correctional Institute-Mendota ("FCI-Mendota"), issued a memorandum on August 31, 2022 which infringes on Plaintiff's rights by imposing certain restrictions on all inmates of a cell block if one inmate on the block is caught using or in possession of illegal drugs.

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

(the "August 31, 2022 Policy"). The Petition also alleges that the August 31, 2022 Policy poses an imminent risk to Plaintiff's safety because it will foster conflict among inmates. (*See generally id*).

On August 23, 2023, the undersigned issued an order to show cause, directing Plaintiff to show cause why this action should not be dismissed for Plaintiff's lack of Article III standing and failure to exhaust his administrative remedies prior to initiating the lawsuit. (Doc. No. 9, "Order to Show Cause"). Plaintiff timely filed a response to the Order to Show Cause. (Doc. No. 10). Plaintiff argues that the Court misconstrued his Petition by focusing on the restrictions imposed by the Warden's August 31, 2022 Policy. (*Id*. at 1). Instead, he asserts that his principal claim is that he is being punished without due process of law for violations committed by other inmates. (*Id*. at 1-2). Further, Plaintiff asserts that the safety concerns raised by the August 31, 2022 Policy constitute an emergency permitting him to bypass exhaustion of his administrative remedies. (*Id*. at 2, 4). Finally, Plaintiff asserts he need not establish Article III standing because "Petitioner is NOT 'SUING' said Defendant and therefore the 'Sue Doctrine' in this case is not applicable like in a 42 U.S.C. 1983 or similar suit." (*Id*. at 5).[2]

## APPLICABLE LAW AND ANALYSIS

**A. Failure to Exhaust Administrative Remedies**

According to the federal mandamus statute:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

28 U.S.C. § 1361. A writ of mandamus "is an extraordinary remedy, to be reserved for extraordinary situations." *Gulfstream Aerospace Corp. v. Mayacamas Corp*., 485 U.S. 271, 289 (1988). Three conditions must first be satisfied to obtain such an extraordinary remedy: (1) the petitioner's claim must be clear and certain; (2) the official's duty must be ministerial and plainly

---

[2] Contrary to Plaintiff's contention, a petitioner seeking mandamus relief is required to establish Article III standing. *See, e.g., United States v. Sherman*, 581 F.2d 1358, 1360 (9th Cir. 1978) (noting that standing to seek mandamus relief requires showing an injury in fact and that the interest sought to be protected is within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question).

prescribed—free from doubt; and (3) no other adequate remedy must be available. *Fallini v. Hodel*, 783 F. 2d 1343, 1345 (9th Cir. 1986). All three conditions must be pled and met. *Plaskett v. Wormuth*, 18 F. 4th 1072, 1081 (9th Cir. 2021). Inherent in § 1361 is that the petitioner has "exhausted all other avenues of relief." *Id.*; see also *Kosterow v. McGrew*, 2012 WL 6923676, at *3 (C.D. Cal. Nov. 26, 2012) ("In order to be entitled to mandamus relief…a plaintiff must exhaust his administrative remedies, thereby demonstrating he has no adequate remedy at law, and also show that the defendant had a plainly defined and preemptory duty to perform the act in question."). When a petition for a writ of mandamus arises in the context of civil litigation brought by a prisoner, the petitioner must comply with the Prison Litigation Reform Act ("PLRA"). *Tillisy v. U.S. Fed. Bureau of Prisons,* No. C14-1768 RSM-BAT, 2015 WL 1058256, at *2 (W.D. Wash. Mar. 10, 2015) (citing *Martin v. United States*, 96 F.3d 853, 854 (7th Cir. 1996)).

Here, Plaintiff admits on the face of his Petition that did not exhaust his administrative remedies prior to filing this case. In his response to the Court's Order to Show Cause, Plaintiff asserts that he was not required to exhaust his administrative remedies because his Petition was filed as an "Immediate Emergency Writ of Mandamus due to Exigent Circumstances" and that in emergency circumstances "the case law is clear that said filer does not have to 'Exhaust Administrative Remedies.'" (Doc. No. 10 at 4).

However, Plaintiff's belief that he faced a heightened risk due to the Warden's August 31, 2022 Policy does not excuse his failure to exhaust. Plaintiff cites *Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 935 (9th Cir. 1993) as purporting to hold that he need not exhaust his administrative remedies in an emergency as it would be futile. (Doc. No. 10 at 4). Plaintiff misconstrues the holding in *Fraley*. That case concerned a federal prisoner on supervised release who sought credit for the seven months she had spent under house arrest prior to trial towards her 10-month sentence of home confinement. 1 F.3d at 925. The plaintiff began the process of exhausting her administrative remedies by filing a Request for Administrative Remedy to the Community Correctional Office, which denied her request, citing official Bureau of Prisons policy that time spent on home confinement prior to sentencing does not count as official

3

1 detention. *Id.* Plaintiff did not appeal the decision, and the district court later found that her failure to do so was excused because any appeal would have been futile. *Id.* The Ninth Circuit affirmed. *Id.* Here, by contrast, there are no facts reflecting that Plaintiff's filing of an administrative grievance under the BOP three-step grievance system would have been futile. Indeed, unlike the plaintiff in *Fraley*, here Plaintiff did not even file a grievance to this first level of administrative review. He simply decided not to pursue any administrative remedies. Plaintiff implies that "[w]hen it is the very Warden who is at fault and it is an emergency circumstance" filing a grievance would be futile. Plaintiff's excuse amounts to mere speculation and, as discussed further below, is unsupported by the case law.

In *Booth v. Newsom*, the court determined that an inmate plaintiff's intentional decision not to pursue his administrative remedies before bringing suit constituted an independent ground to dismiss the inmate plaintiff's complaint. *Booth*, 2020 WL 6741730, at *3. There, as in this case, the inmate plaintiff pointed to an emergency that necessitated bypassing the administrative grievance process prior to commencing suit. *Id*. at n. 2. The court in *Booth* determined that plaintiff's claimed "emergency situation" did not excuse compliance with the exhaustion requirement. *Id*. at *3; *see also Sapp v. Kimbrell*, 623 F.3d 818, 827 (9th Cir. 2010) (finding that inmate did not qualify for any equitable exception to the exhaustion requirement when the inmate did not file any grievance challenging a denial of medical care despite being informed to do so); *Ross*, 578 U.S. 632, 640–41 (2016) (holding that there is not a "special circumstances" exception to the PLRA's mandatory exhaustion requirement). Likewise, here, Plaintiff's intentional decision not to exhaust his administrative remedies based on his belief that he faced "exigent circumstances" does not excuse his failure to avail himself of BOP's administrative process. *See Booth*, 2020 WL 6741730, at *3.

Because Plaintiff concedes that he failed to administratively grieve the subject of his Petition through the BOP's three-level grievance system, he fails to satisfy the third requirement to be entitled to mandamus—that no other adequate remedies are available. Thus, the undersigned will recommend the Petition be dismissed because Plaintiff admits he has not exhausted his administrative remedies and cannot show futility based on mere speculation. *See*

4

*Kildare v. Saenz*, 325 F.3d 1078, 1084–85 (9th Cir. 2003) ("We hold that Appellants do not meet the third requirement [for mandamus relief under § 1361] because administrative review could correct the individual errors alleged by Appellants. Thus, there is an adequate alternative remedy.").

Alternatively, although framed as writ of mandamus, because Plaintiff clarifies in his response that he seeks injunctive relief and contends that his due process rights are being violated, his pleading may also be construed as a an *Bivens* action.[3] *Parker v. Conner*, 66 F.3d 335 (9th Cir. 1995). Thus, for the same reason, the Petition must be dismissed as Plaintiff admits that he did not exhaust his administrative remedies which is a condition precedent to bringing a *Bivens* action.

**B. Plaintiff's Transfer Moots His Petition**

"Federal Courts are limited to live cases and controversies." *Kittle v. Thomas*, 620 F.3d 949, 951 (9th Cir. 2010) (citing *Flast v. Cohen*, 392 U.S. 83, 96 (1968)); *see also Deakins v. Monaghan*, 484 U.S. 193, 199 (1988) ("Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants.") "Prisoners who have been released from prison or transferred to a different prison may not sue for injunctive relief because they no longer benefit from having the injunction issued." *Rupe v. Cate*, 688 F. Supp. 2d 1035, 1043 (E.D. Cal. Feb. 1, 2010) (citing *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995)) (other citations omitted). A prisoner's claim for injunctive relief is moot if there is no reasonable expectation the prisoner will be transferred back to the prison where the harm occurred. *Dilley*, 64 F.3d at 1369.

The docket in this case reflects that on November 17, 2023, Plaintiff was transferred to Federal Correctional Institution - Victorville. (*See* Doc. No. 11). The Petition seeks only injunctive relief directing Warden Arviza to rescind the August 31, 2022 Policy in effect at FCI-Mendota. That requested remedy is now moot considering Plaintiff's transfer because he will "no longer benefit from having the injunction issued." *Rupe*, 688 F. Supp. 2d at 1043. Thus, in the

---

[3] *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971).

5

alternative, the undersigned will recommend that this action be dismissed as moot given Plaintiff's transfer to FCI-Victorville.[4]

Accordingly, it is hereby **ORDERED**:

The Clerk of Court randomly assign this case to a district judge for consideration of these Findings and Recommendations.

It is further **RECOMMENDED**:

This action be **DISMISSED** for Petitioner's failure to exhaust administrative remedies or as moot.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections.  Local Rule 304(b).  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   February 20, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[4] Plaintiff's transfer also renders moot the question of whether he has standing to sue under Article III. Given that he is no longer suffering the injury for which he sought injunctive relief, there is no live "case or controversy" that would confer standing.